IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| MOHAMMAD AMJAD SALEM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-02442-JPM-atc |
| | ) | |
| TIPTON COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

REPORT AND RECOMMENDATION
ON MOTION FOR PRELIMINARY INJUNCTION

---

Before the Court by Order of Reference[1] is Plaintiff Mohammad Amjad Salem's request

for a preliminary injunction, as stated in his Amended Complaint, filed June 10, 2025 (ECF

No. 15), and in his Motion for Emergency Preliminary Injunction and Expedited Hearing, filed

June 12, 2025 (ECF No. 19).  Defendant Tipton County Board of Education (the "Board") filed a

Response in opposition on July 10, 2025.  (ECF No. 35.)  The same day, Salem filed a Reply,

without leave of Court.  (ECF No. 37.)[2]  At the conclusion of the Scheduling Conference held on

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States
Magistrate Judge for management and for all pretrial matters for determination and/or report and
recommendation as appropriate.  A motion for a preliminary injunction is considered a
dispositive motion and thus requires disposition by report and recommendation.  *See* 28 U.S.C.
§ 636(b)(1)(A), (B); *Vogel v. U.S. Off. Prod. Co.*, 258 F.3d 509, 514 (6th Cir. 2001) ("Pretrial
matters that a magistrate judge is precluded from 'determining' pursuant to § 636(b)(1)(A) are
called 'dispositive' because they are 'dispositive of a claim or defense of a party.'" (citing Fed.
R. Civ. P. 72)).

[2] As discussed at the Scheduling Conference held on July 11, 2025, Salem was required to have
sought permission before filing a reply brief in support of his motion, but his noncompliance
with that requirement is excused in this instance.  Salem is directed to familiarize himself with

July 11, 2025, the Court heard argument on the Motion.  (ECF No. 39.)  For the reasons stated at that hearing, and for the reasons set forth below, it is recommended that the Motion be denied.

**PROPOSED FINDINGS OF FACT**

Salem brings claims against the Board for race-based discrimination and constructive discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  (ECF No. 15, at 5.)  He alleges that he was employed by the Board as a teacher in August 2022, but his contract was not renewed for the 2023–24 school year.  (*Id.*)  He was then rehired by the Board to a different teaching position in October 2023.  (ECF No. 2-2, at 4.)  Salem alleges that he experienced "ongoing racial and national origin discrimination, including derogatory remarks related to his Palestinian heritage and religion, social isolation, and hostile work conditions" throughout his employment with the Board.  (ECF No. 15, at 5.)  He claims that, due to these experiences, he "was forced to resign in May 2024."  (*Id.*)[3]

He now "seeks reinstatement to a teaching position with Defendant for the 2025–2026 school year."  (*Id.*)  Salem asserts that preliminary injunctive relief is warranted because the 2025–26 school year is about to start and, "[w]ithout reinstatement, Plaintiff will be unable to secure employment before the academic year begins."  (ECF No. 28, at 2.)  He also contends that, "[i]n the past week, Plaintiff has observed that several positions for which he is qualified

---

this Court's Local Rules.  Any filing of unauthorized documents in the future may result in the document not being considered.

[3] Elsewhere, Salem alleges that he was "[t]old my contract would not be renewed for the 2024–2025 school year" and then, a month later, was "[o]ffered a new contract for the 2024–25 school year."  (ECF No. 10, at 3.)  The Board similarly contends that Salem did not resign and, rather, it was the Board's decision not to renew Salem's contract in May 2024 and that the Board "subsequently *rehired* the Plaintiff a few days later."  (ECF No. 35, at 4.)  The Board adds that Salem accepted that offer, then requested a transfer to a different position, and then, while that request was being considered, resigned without notice so that he could accept a job with the Collierville School District.  (*Id.* at 4–5.)  This factual dispute is not relevant to the recommendations herein.

2

have been filled" and "that once the end of July nears, it will become extremely difficult to meaningfully prepare for the school year." (*Id.* at 3.)

## PROPOSED CONCLUSIONS OF LAW

I.      **Standard of Review for Injunctive Relief**

"A preliminary injunction is an 'extraordinary remedy,' not a matter of right." *Patel v. Glenn*, No. 21-3499, 2022 WL 16647974, at *3 (6th Cir. Nov. 3, 2022) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "Preliminary injunctions that alter the status quo are specifically disfavored." *Eads v. Tennessee*, No. 1:18-cv-00042, 2019 WL 2443125, at *1 (M.D. Tenn. June 12, 2019) (citing *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005)).

"To secure a preliminary injunction, a plaintiff 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 874 (6th Cir. Apr. 14, 2025) (quoting *Winter*, 555 U.S. at 20). "Because a preliminary injunction 'is an extraordinary equitable remedy that is never awarded as of right,' the plaintiff must make a 'clear showing' that these factors favor him." *Id.* (quoting *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46 (2024)); *see also Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion, for example."). The factors are balanced against each other, and

proving all four is not necessary to secure a preliminary injunction. *United Food & Com. Workers Union, Loc. 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998)).

Notwithstanding that balancing, "the *existence* of an irreparable injury is mandatory." *Ohio v. Becerra*, No. 21-4235, 2022 WL 413680, at *2 (6th Cir. Feb. 8, 2022) (quoting *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019)); *D.T.*, 942 F.3d at 326–27 (holding that "even the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement," which is "indispensable").[4] "The Sixth Circuit has stated that the district court need not 'make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue.'" *Doe v. Rhodes Coll.*, No. 2:16-cv-02308-JTF-tmp, 2016 WL 11611619, at *4 (W.D. Tenn. Oct. 25, 2016) (quoting *Jones v. City of Monroe, Mich.*, 341 F.3d 474, 476 (6th Cir. 2003)).

"[W]here facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held. [However,] where material facts are not in dispute, or where facts in dispute are not material to the preliminary injunction sought, district courts generally need not hold an evidentiary hearing." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312–13 (11th Cir. 1998)); *see also Harris v. Wells Fargo Bank, N.A.*, No. 2:18-cv-2400-JPM-dkv, 2018 WL 4896727, at *1 (W.D. Tenn. Oct. 9, 2018) ("A preliminary injunction may be granted based on less formal

---

[4] In a concurring opinion in *D.T.*, Judge Nalbandian explained that, to the extent the Sixth Circuit's balancing approach implies that a complete absence of one of the factors could be overcome by a demonstration of the other factors, that result may run afoul of *Winter*, 555 U.S. 7. In any event, he explained that, "[i]f we know one thing from *Winter*, it's that a plaintiff must establish irreparable injury. . . . There was, of course, no suggestion from the Supreme Court that the irreparable injury requirement could be balanced away (something that would make little sense in the world of extraordinary equitable remedies)." *D.T.*, 942 F.3d at 329.

4

procedures and on less extensive evidence than in a trial on the merits, but if there are genuine issues of material fact raised in opposition to a motion for a preliminary injunction, an evidentiary hearing is required." (quoting *Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004))).

## II.    Irreparable Harm

Though the parties make arguments as to all four requirements, denial of a preliminary injunction is recommended based on Salem's failure to demonstrate irreparable harm.  *See D.T.*, 942 F.3d at 327 (holding that "a district court is well within its province when it denies a preliminary injunction based solely on the lack of an irreparable injury" because "this factor *is* dispositive" (citations and quotations omitted)).  "'Irreparable' means 'not fully compensable by monetary damages.'"  *EOG*, 134 F.4th at 884 (quoting *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002)).

Salem identifies five sources of irreparable harm if the Board is not ordered to immediately hire him: (1) that four open teaching positions in Tipton County "will be lost after August 1, 2025"; (2) that he "will permanently lose eligibility for his teaching pension if not rehired this school year"; (3) that he is experiencing financial hardship and the inability to pay his bills; (4) that he cannot "secure other employment because of false and damaging references allegedly provided by Defendant to other districts in the Memphis area"; and (5) that gaps in his employment history will make future employment "nearly impossible."  (ECF No. 19, at 3.)[5] Salem has failed to demonstrate, however, that any of these harms are irreparable.

---

[5] Salem alleges additional sources of irreparable harm in his Amended Complaint:

> Lost Opportunity to Prepare for the School Year: Plaintiff requires the summer months to prepare lesson plans and curriculum materials.  Delay in reinstatement

First, as to Salem's claim of financial hardship, that type of injury is conclusively monetary and thus insufficient to justify injunctive relief. *See, e.g.*, *Meeks v. Village at Germantown*, No. 2:25-cv-02027-MSN-cgc, 2025 WL 336208, at *2 (W.D. Tenn. Jan. 22, 2025) ("[W]hile the Court acknowledges the serious nature of Plaintiff's alleged hardships, established precedent holds that financial hardship and loss of income, which can be remedied through monetary damages, do not constitute irreparable harm warranting preliminary relief." (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Salem has offered nothing to justify deviating from this established precedent.

Similarly, as to Salem's arguments that the positions with Tipton County will soon be filled and that he has no other prospects for employment as a teacher, Salem has not made the requisite "clear showing" of irreparable harm. At the hearing, he asserted that he has applied for a number of teaching positions in the area and has been rejected for all those he is qualified for. He failed to offer specific details regarding his applications, however, and indeed admitted that he lives near eight or nine different school districts. More importantly, he offers nothing to indicate that monetary damages cannot compensate any loss he suffers by not maintaining a teaching position this school year. *See, e.g.*, *Overstreet*, 305 F.3d at 579 ("[T]he loss of a job is quintessentially reparable by money damages." (quoting *Minn. Ass'n of Nurse Anesthetists v.*

---

disrupts Plaintiff's ability to adequately prepare, further harming Plaintiff's career and students' education. . . .

Emotional and Psychological Harm: The hostile work environment and forced resignation have caused significant emotional distress, which will be compounded by continued unemployment and uncertainty.

(ECF No. 15, at 6.) To the extent these allegations represent distinct harms from those discussed herein, Salem did not develop or substantiate them in any way, as he failed to raise them in his Motion for Emergency Preliminary Injunction and Expedited Hearing (*see* ECF No. 19, at 3) or during the hearing. As such, Salem has failed to make the requisite "clear showing" of entitlement to relief based on these additional alleged harms. *EOG Res.*, 134 F.4th at 874.

*Unity Hosp.*, 59 F.3d 80, 83 (8th Cir. 1995))).  Because an award of damages could rectify this

type of harm, it does not qualify as irreparable.

Finally, as to Salem's argument that he will lose eligibility for his pension if not

employed immediately, he again fails to demonstrate how monetary damages would not

compensate for that harm.  Furthermore, when questioned at the hearing as to the information the

Board provided regarding no such risk of lost eligibility (*see* ECF No. 35, at 12), Salem was not

able to offer concrete information to the contrary, instead suggesting his vague understanding

that his pension eligibility could be in jeopardy.  "To merit a preliminary injunction, an injury

'must be both certain and immediate,' not 'speculative or theoretical.'"  *D.T.*, 942 F.3d at 328

(quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th

Cir. 1991)).  Salem's speculative arguments about his pension are insufficient to demonstrate

irreparable harm.

In short, Salem has offered no proof or authority sufficient to demonstrate he will suffer

irreparable harm if the Board does not immediately hire him to teach this school year.[6]  He has

therefore failed to justify entitlement to the preliminary injunction he seeks.

---

[6] As noted during the conference, Salem's filings include multiple legal citations that appear inaccurate or fictitious.  For example, as argued by the Board (ECF No. 35, at 15), *EEOC v. Anchor Hocking Corp.*, 666 F.2d 1037 (6th Cir. 1981), does not support the proposition that "loss of employment, professional standing, and pension rights constitutes irreparable harm" (ECF No. 19, at 3), as those concepts are mentioned nowhere in that opinion.  Salem also cites to "Lucero v. Detroit Public Schools, No. 05-74931, 2006 WL 897130, at *5 (E.D. Mich. Apr. 6, 2006)," but no case bearing that name is associated with that case number, Westlaw citation, or date.  A case by that name does exist at 160 F. Supp. 2d 767 (E.D. Mich. 2001), but it does not discuss lost teaching opportunities or reputational harm at all, and the preliminary injunction in that case was denied for lack of irreparable harm.  Most concerning is Salem's citations to "EEOC v. Harrison County, 939 F.2d 143 (4th Cir. 1991)" (ECF No. 37, at 4), which does not appear to exist at all.  Salem was instructed at the Scheduling Conference to review any legal citations for accuracy before including them in a filing and was warned that such conduct in the future is subject to sanction.  "Without question, it is improper and unacceptable for litigants—

## CONCLUSION

For the reasons set forth above, it is RECOMMENDED that Salem's request for

preliminary injunctive relief be denied.

Respectfully submitted this 5th day of August, 2025.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.

---

including pro se litigants—to submit 'non-existent judicial opinions with fake quotes and citations.'" *Anonymous v. N.Y.C. Dep't of Educ.*, No. 1:24-cv-04232, 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024) (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023)). "Sanctions may be imposed for submitting false and nonexistent legal authority to the Court." *Id.* (citations omitted). Though the Court declines to impose or recommend sanctions at this time, Salem is again warned that improper citations to authority, whether that authority is cited for a wholly inapplicable proposition or is itself fictitious, will be met with sanctions, up to and including dismissal of this case.